Filed 9/28/21  P. v. Harris CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JULIUS D. HARRIS,<br><br>    Defendant and Appellant. | B308782<br><br>Los Angeles County<br>Super. Ct. No. TA133670 |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge. Reversed and remanded with directions.

Kathy R. Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2014, defendant Julius D. Harris was convicted of first degree murder with gang and gun enhancements after a fight at a party spiraled out of control. He appeals from the summary denial of his petition for recall and resentencing under Penal Code section 1170.95. On appeal, the People agree with defendant that the trial court engaged in improper fact-finding when it found that he had the specific intent to kill and acted as a major participant in the underlying felony and with reckless indifference to human life. We agree. We therefore reverse and remand for further proceedings.

## BACKGROUND[1]

By information dated August 28, 2014, defendant and codefendant Michael Dunn were charged with one count of murder (Pen. Code,[2] § 187, subd. (a); count 1). The information also alleged that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and that each defendant personally used and discharged a firearm, causing great bodily injury and death (§ 12022.53, subds. (b)–(d)). The information also alleged Dunn had suffered various prior convictions.[3]

---

[1] Because the People concede reversal is required in this case, we do not address the facts underlying the charges.

[2] All undesignated statutory references are to the Penal Code.

[3] The information also charged codefendant Maliek Dwayne Grissett with attempted murder (§ 664/187, subd. (a); count 2). Grissett ultimately pled no contest to one count of assault by means likely to cause great bodily injury (§ 245, subd. (a)(1)). Neither Grissett nor Dunn is a party to this appeal.

Defendant was convicted of first degree murder; Dunn was convicted of second degree murder.[4] The jury found the gang allegation true as to both defendants and found true the allegation that each defendant personally and intentionally discharged a firearm—but found not true the allegation that each defendant had thereby caused great bodily injury or death. The court sentenced defendant to an aggregate term of 45 years to life. A different panel of this court affirmed by unpublished opinion but remanded to allow the lower court to exercise its discretion to strike the gun enhancement under newly-enacted Senate Bill No. 620 (2017–2018 Reg. Sess.). (*People v. Harris* (Apr. 26, 2018, B266099) [nonpub. opn.].)

In July 2020, defendant filed a petition for recall and resentencing under section 1170.95.[5] He did not request the appointment of counsel. Attached to the petition was a notarized affidavit from Dunn stating that Dunn was the killer and that he had acted without defendant's assistance or encouragement. In September 2020, the court summarily denied the petition without receiving briefing from the prosecution or defendant.

The court's order states:

> The court has received and reviewed a petition for … re-sentencing pursuant to Penal Code section 1170.95. The petition is summarily denied

---

[4] The jury was instructed on theories of both malice aforethought and felony murder.

[5] Defendant also moved for a youth offender hearing under Assembly Bill No. 1308 (2017–2018 Reg. Sess.) and moved to strike the firearm enhancement under Senate Bill No. 620 (2017–2018 Reg. Sess.). He does not challenge the denial of those motions on appeal.

3

because the petition[er] is not entitled to relief as a matter of law for the following reason: The petitioner was convicted of murder and the court file reflects that he was one of the actual shooters.

The appellate opinion affirming the petitioner's conviction and sentence reflect[s] that petitioner was one of the actual shooters.

Specifically, *the evidence a[t] trial established* that this case reflected a classic "gang confrontation" which resulted in a shooting between gang members. The shooting followed a series of verbal dispute[s] and physical altercation[s.] Petitioner was an instigator in the initial fight. *The evidence o[f] petitioner's specific intent was overwhelming* e.g. petitioner left after the initial fight and returned with a gun. Petitioner was convicted of first degree murder and the [jury] found "true" the allegation that he personally and intentionally discharged a firearm.

Moreover, although it appears the jury could not determine[ ] which of the actual shooter[s] caused the victim's death, *it is clear that the petitioner fired his weapon with the intent to kill and that he was a major participant in the shooting and acted with reckless indifference to human life*.

[¶] … [¶]

For the foregoing indicated reasons, the petition for recall and re-sentencing … [is] denied.

4

(Italics added.)

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that the trial court improperly weighed the evidence at the prima facie stage of proceedings. The People properly concede the point, and we agree.

### 1. S.B. 1437

Senate Bill No. 1437 (S.B. 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) It accomplished this by amending section 188, subdivision (a)(3), to require that all principals to murder must act with express or implied malice to be convicted of that crime, unless they are convicted of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2.) For felony murder convictions under section 189, subdivision (e), S.B. 1437 requires that the defendant be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories of murder the opportunity to petition for resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (a)(3), describes who

5

may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c)—the section at issue here—describes the process the court uses to determine whether the petitioner is entitled to an evidentiary hearing: Appoint counsel, if requested; wait for the prosecutor's required response and the petitioner's optional reply; if the petitioner makes a prima facie showing that he is entitled to relief, issue an order to show cause. (*Lewis*, *supra*, 11 Cal.5th at p. 966.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may deny a petition at this stage only if the petitioner is ineligible for relief *as a matter of law*. A petitioner is ineligible for relief as matter of law if the record of conviction shows that he *could not* have been convicted under any theory of liability affected by S.B. 1437—such as where malice aforethought was the only theory presented to the jury. "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] … [T]he prima facie bar was intentionally and correctly set very low.' " (*Lewis*, at p. 972.)

If the court issues an order to show cause after its prima facie review, subdivisions (d)–(g) describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

## 2. The court conducted improper fact-finding.

The People concede: "At trial, the theories of liability offered to the jury that could have supported appellant's conviction included both premeditation *and* felony murder. [Citation.] The use of a felony murder theory presents the possibility that appellant may be eligible for relief. The trial court's denial of appellant's petition was predicated on consideration of the facts of the crime and finding that he could nevertheless be convicted of murder under a currently valid theory. Although that is the correct question, and the facts strongly support the court's finding, the court may not actually weigh the facts without issuing an order to show cause and holding a section 1170.95, subdivision (d)(3) hearing." (Footnote omitted.)

As the People note, because the jury was instructed on felony murder, defendant "could have been convicted without a finding that he acted with actual malice, or that he was the actual killer, or that he was a major participant in the felony who acted with reckless indifference to life." As to whether defendant was the actual killer, as the trial court acknowledged, the jury found true the allegation that defendant discharged a firearm in the commission of the offense but found *not true* the allegation that he caused death. As such, "it appears the jury could not determine[ ] which of the actual shooter[s] caused the victim's death." As to malice, the People concede that "the use of a felony murder jury instruction indicates that the jury could have convicted appellant of first degree murder even if the victim was killed accidentally during the commission of an underlying felony in which appellant was an aider and abettor." Finally, the jury was not asked to consider whether defendant was a major

participant who acted with reckless indifference, and the felony-murder instruction allowed it to convict without reaching the issue.

We agree with defendant and the People that the court here engaged in fact-finding—and did so without the benefit of the required briefing from the People and optional response from defendant—and adopt the People's suggested remedy, to which defendant agrees: "Because the trial court prematurely denied the petition, the appropriate remedy is to remand the case with orders to proceed according to section 1170.95, subdivision (c). In other words, the trial court should appoint counsel, if requested, and allow the parties to brief the issue of appellant's eligibility as a matter of law without engaging in factfinding. [Citations.] Importantly, the parties may be able to obtain the full set of jury instructions which may shed light on the nature of the conviction. However, after briefing is complete, if the court finds that appellant has made a prima facie showing for relief, then it must issue an order to show cause and proceed with a hearing where the parties may present evidence and the court acts as the trier of fact. (§ 1170.95, subds. (c)–(d).)"

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the matter is remanded for further proceedings consistent with the views expressed in this opinion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.